MR. JUSTICE KELLEY
delivered the opinion of the Court.
Appellant, an independent candidate for United States Senator in the general elections of 1974, appeals the district court’s dismissal of his complaint for failure to state a claim upon which relief can be granted.
On April 4, 1975 appellant, appearing pro se, filed his “verfied petition for statutory review” in the district court, alleging “High Official Misconduct” by appellee in the primary and general elections of 1974, (emphasis in original). Shortly thereafter, appellee filed a motion to dismiss. After considering the motion the district court notified appellant to file an answer brief. When appellant submitted a brief which failed to meet the issues, the trial court granted appellant an additional ten days to file a second brief.
After carefully considering his complaint and briefs, the trial court found:
1) Paragraph 1 of the complaint cites § II, Article VII of the Colorado "Constitution which gives the General Assembly the power to pass laws relating to elections. The complaint alleges no facts which show a violation of this..constitutional provision.
2) Paragraph 1 of the Statement of the Case cites certain statutory requirements for nominees to public office, which statutes do not create any causes of action against the Secretary of State.
3) Paragraph 2 of the Statement of the Case appears to complain that the Secretary of State did not act on a letter which is not before the Court. This paragraph cites a statute relating to placement of issues on the ballot. Neither the statute nor the facts stated create a cause of action against the Secretary of State.
4) Paragraph 3 of the Statement of the Case refers to two letters of complaint which are not before the Court. No cause of action is stated.
5) Paragraph 4 of the Statement of the Case alleges partial noncompliance with a court order dated Oct. 10, 1974 (Case No. C-48835 *47 filed in the Denver District Court.) No facts or circumstances are alleged which would give notice to the defendant of the nature of this claim. No cause of action is stated.
6) Paragraph 5 of the Statement of the Case cites a statute concerning contesting elections by filing with the Senate. Said statute creates no cause of action.
7) Paragraph 6 of the Statement of the Case alleges certain visits, impressions and correspondence. No cause of action is stated.
8) Amendments to the complaint filed Aug. 29, 1975 cite certain constitutional articles which do not appear to be relevant to Plaintiffs complaint.
9) Relief sought is of two types:
a) That the Secretary of State correct election ambiguities and directives. If this means a correction of election laws, that would clearly be beyond the jurisdiction of this Court.
b) That the Secretary of State pay actual damages in the amount of $31,000. None of the statutes cited allow for a monetary award, nor do any of the facts state a cause of action for damages.
10) Regarding the three briefs filed by the Plaintiff:
a) The first brief does not address the issues.
b) The second brief provides no illumination as to the legal basis on which relief is sought. This brief does cite CRS § 1-12-104 which relates to neglect of duties and wrongful acts by state officials. However, the Plaintiff has not alleged in his complaint any violation of statutes or facts which would fall within the provision of CRS § 1-12-104.
c) The third brief was filed late. However, even if said brief is considered it raises no new basis to support a cause of action.
If the plaintiff does have any legal basis for a claim for relief, he has not pleaded it in his complaint, nor has he clarified what that legal basis might be in his three briefs.
The district court dismissed appellant’s complaint without prejudice.
Our review of the record supports the conclusions of the trial court and we affirm.